# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 28, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| ROBERTA DECKER, | * | |
| | * | |
| Petitioner, | * | No. 19-620V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Kenneth W. Thayer, III*, Brandon J. Broderick, Attorney at Law, LLC, Ewing, NJ, for Petitioner.
*Claudia B. Gangi*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 26, 2019, Roberta Decker ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program[2] alleging that suffered from Guillain-Barré syndrome and chronic inflammatory demyelinating polyneuropathy as a result of the influenza vaccination she received on October 11, 2017. Pet. at 1. On February 11, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 29).

On November 1, 2021, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 73). ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $32,796.56, representing $30,960.00 in attorneys' fees and $1,836.56 in attorneys' costs. Fees App. at 6. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

related to this litigation. Fees. App. Ex. 1. Respondent responded to the motion on November 15, 2021, stating that the undersigned should deny Petitioner's motion because it is untimely and Petitioner did not file a corresponding motion for leave to file her application out of time. Resp't's Resp. at 1-2. (ECF No. 74). Respondent specifically notes that because judgment was entered on March 2, 2021, the 180 days to file a fees motion afforded by Vaccine Rule 13 would make August 29, 2021 the final date that Petitioner could file a timely motion. *Id.* Petitioner filed a reply on November 16, 2021, stating that it is her position that because under Vaccine Rule 12, Petitioner has 90 days from the date judgment is entered to either accept or reject it (with inaction being construed as an acceptance of the judgment), the final entry of judgment cannot occur until either "1) the Petitioner filed an Election of Acceptance of the Judgment, 2) filed an Election to Leave the Program and file a civil action, or 3) the expiration of 90 days afforded under rule 12. The occurrence of one of the above three events would then trigger the 180-day time-period of Rule 13 allowing Petitioner's counsel to file an application for fees and costs. Reply at 1 (ECF No. 37). Thus, because Petitioner filed her election to accept the judgment in the instant case on May 14, 2021, the 180-day period would make November 10, 2021, the final day to file a fees motion and therefore the instant motion is indeed timely. *Id.*

This matter is now ripe for consideration.

**I.      Untimeliness**

The initial inquiry the undersigned must make is whether Petitioner's motion for attorneys' fees and costs is untimely. Respondent has argued that the instant motion is untimely because the 180-day period starts when judgment is entered, while Petitioner argues that the 180-day period does not start until a petitioner has decided whether they will accept or reject the judgment. Vaccine Rule 13 states that "[a]ny request for attorney's fees and costs pursuant to 42 U.S.C. § 300aa-15(e) must be filed no later than 180 days after the entry of judgment or the filing of an order concluding proceedings under Vaccine Rule 10(d)(3) or 29."

Vaccine Rule 13 is not ambiguous in its requirements. It sets the event which triggers the starting point (the date of entry of judgment) and sets the time period in which a petitioner has to file a motion for attorneys' fees and costs (180 days). Judgment is a particular event discussed in Vaccine Rule 11, which sets forth the criteria which must be met for judgment to be entered. Election of judgment is also a separate, discreet event governed by Vaccine Rule 12. By the plain language of Vaccine Rule 13, it is judgment which triggers the start of the 180-day period, not the election. If those who drafted the Vaccine Rules intended, as Petitioner argues, that the 180-day period for filing a motion for attorneys' fees and costs should start after election, it stands to reason that Rule 13 would read as such. However, it does not by its plain language – rather, it starts once judgment is entered. Whether a petitioner elects to accept the judgment or file a civil action for damages does not change that the judgment has been entered.

The current language of Vaccine Rule 13 stands in contrast to a previous version which was issued in 2002. The 2002 version of Rule 13 stated, in pertinent part, that "[a]ny request for attorneys' fees and costs pursuant to 42 U.S.C. §300aa-15(e) shall be filed no later than six months following the filing of an election pursuant to Vaccine Rule 12." There are two major differences between the 2002 Rule 13 and how it currently reads: 1) the time afforded to file a fees motion has

changed from six months to 180 days, and 2) the event which triggers the start of the time period has changed from "the filing of an election" to "the entry of judgment." If, as Petitioner argues, the election of judgment triggered the beginning of the 180-day period, it might read as the 2002 version did. However, the fact that the discreet event which triggers the 180-day clock changed from the filing of an election to the entry of judgment indicates that it is indeed the entry of judgment which starts the clock running, while the filing of an election no longer plays any role in the determination.

Additionally, other special masters who have considered this issue have also ruled that the 180-day period is triggered by the entry of judgment and not the election to accept that judgment. *See Gabbard v. Sec'y of Health & Human Servs.*, No. 99-451V, 2009 WL 1456434, at *2-4 (Fed. Cl. Spec. Mstr. Apr. 30, 2009) (special master ruling that a motion for attorney' fees and costs filed more than 180 days after the entry of judgment but less than 180 days after the filing of an election was untimely). Accordingly, because the instant motion for attorneys' fees and costs was filed more than 180 days after the entry of judgment, the motion is untimely.

Concurrent with their broad discretion to determine the reasonableness of a request for attorneys' fees, special masters retain the discretion to consider untimely motions for attorneys' fees and costs. *See Verity v. Sec'y of Health & Human Servs.*, No. 11–106V, 2017 WL 1709709, at *1 (Fed. Cl. Spec. Mstr. Mar. 13, 2017). "[I]t is not uncommon in the [P]rogram for special masters to overlook the untimeliness of fee[ ] requests filed not long after the deadline to act." *Id.* (citing *Turner v. Sec'y of Health & Human Servs.*, No. 99–544V, 2007 WL 4410030, at *13 (Nov. 30, 2007) (awarding fees to a request one month untimely); *Carrington v. Sec'y of Health & Human Servs.*, No 99–495V, 2008 WL 2683632, at *13 (June 18, 2008) (granting a three-week extension of time to submit a motion for fees)); *see also, e.g.*, *Setness v. Sec'y of Health & Human Servs.*, No. 13–996V, 2017 WL 1713101, at *1 n.3 (Fed. Cl. Spec. Mstr. Mar. 10, 2017) (granting a motion for fees filed two months after the deadline). This leniency, however, is under the special master's discretion, and is not always exercised in a tardy counsel's favor. *See, e.g.*, *Verity*, 2017 WL 1709709 at *2 (denying a fee request more than two years untimely).

Parties may seek an extension of a deadline after it has passed "if the party failed to act because of excusable neglect." RCFC 6(b)(1)(B). Excusable neglect is determined by four factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (cited in *Verity*, 2017 WL 1709709 at *1).

Although Petitioner has not explicitly sought an extension of time to correct the untimeliness of her motion, the aforementioned factors are still worth considering when deciding whether the instant motion should be entertained by the undersigned. In this case, Petitioner's motion is untimely by just over two months. Although Respondent has argued that the Court should deny Petitioner's motion due to untimeliness, Respondent has not advanced any rationale suggesting that he would be prejudiced by this untimeliness if the undersigned granted the instant motion. Indeed, because Petitioner was awarded compensation and accepted the judgment, Petitioner is entitled to a final award of reasonable attorneys' fees and costs, and the award thereof

is essentially the final step in this case before it is closed. It cannot be said that the delay has had any impact on judicial proceedings because there are unlikely to be any proceedings in this case after this decision is filed. Additionally, it appears that the delay was caused by counsel's good faith belief that the 180 days started from when petitioner elected to accept judgment rather than when judgment was entered by the Court. After considering these factors, the undersigned concludes that Petitioner's motion for attorneys' fees and costs should be granted, and that the only remaining question is whether the requested amount is reasonable.

## II.     Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.  Reasonable Hourly Rates

Petitioner requests that her attorney, Mr. Kenneth Thayer, be compensated at $430.00 per hour for all work performed in this case, from 2018-2021. These rates require reduction because they exceed what Mr. Thayer has previously been awarded for his Vaccine Program work. *Hicks v. Sec'y of Health & Human Servs.,* No., 2021 WL 1827321, at *2 (Fed. Cl. Spec. Mstr. Apr. 5, 2021) (awarding Mr. Thayer $385.00 per hour for work performed in 2018 and 2019, $410.00 per hour for work performed in 2020, and $420.00 per hour for work performed in 2021). The undersigned agrees with the reasoned analyses from the previous special masters who have considered the reasonableness of Mr. Thayer's hourly rates and shall adopt them herein. Application of these rates results in a reduction of $2,827.00.[3]

---

[3] 2018: ($430.00 per hour requested - $385.00 per hour awarded) * 18.9 hours billed = $850.50.
2019: ($430.00 per hour requested - $385.00 per hour awarded) * 39.1 hours billed = $1,759.50.
2020: ($430.00 per hour requested - $410.00 per hour awarded) * 7.7 hours billed = $154.00.

4

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $28,133.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,836.56 in attorneys' costs. This amount is comprised of acquiring medical records and the Court's filing fee. Fees App. at 14. All of these costs are typical of Vaccine Program litigation and are reasonable in the undersigned's experience and Petitioner has provided adequate documentation supporting the request. Petitioner is therefore awarded the full amount of costs requested.

## III. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $30,960.00 |
| (Reduction to Fees) | - ($2,827.00) |
| **Total Attorneys' Fees Awarded** | **$28,133.00** |
| | |
| Attorneys' Costs Requested | $1,836.56 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,836.56** |
| | |
| **Total Amount Awarded** | **$29,969.56** |

---

2021: ($430.00 per hour requested - $420.00 per hour awarded) * 6.3 hours billed = $63.00.

**Accordingly, the undersigned awards a lump sum in the amount of $29,969.56, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Kenneth Thayer, III.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

*s/ Katherine E. Oler*
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).